UNITED STATE DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

NKEM ECHEM,
    Petitioner

FILE NO:

ALIEN NO: A 46-117-237

v.

JOHN ASHCROFT
ATTORNEY GENERAL,
    Respondent

## PETITIONER'S MEMORANDUM IN SUPPORT OF HER WRIT OF HABEAS CORPUS AND MOTION FOR STAY OF REMOVAL

### HISTORY OF THE CASE

Now comes the petitioner in the above-entitled matter and respectfully presents the following as memorandum in support of her petition for writ of Habeas Corpus and stay of removal and or deportation from the United States.

The petitioner immigrated to the United States on October 30, 1996 based on an Immigrant petition filed on her behalf by her US Citizen spouse, her husband. Israel Echem.

A breakdown in the relationship with her husband started emerging when the petitioner

*Echem/page2*

started observing the incapacity of her husband to have sex with her. Impotency was a factor.

Gradually, other issues started popping up in her relationship with her husband, leading to a situation where her husband became suspicious of her actions and every steps she took.

The husband began to monitor her movements, and even install tape recorders under her bed, suspecting the wife possibly was seeing some one else, and or having sexual relationship with someone else, whenever he was not at home.

The husband became abusive, both verbally and emotionally and, sometimes physically. The husband at her prompting was asked to sick medical help and get treatment for his impotency. But he was evasive and indifferent to her prompts. In frustration and fear of possible harm to herself and fear of her life over his continued and escalating level of aggression she moved out of the home. In her pleadings before the Department of Homeland Security, US Citizenship and Immigration Services, the petitioner, consequent to the 1-751 petition to remove the conditional status, the petitioner stated the abusive conditions she was subjected to; she stated that her husband in the attempt to control her life, had every item of joint activity in their family operated in his name only. The husband paid all the bills in his name. Even though she contributed part of the family income.

Even the rent was paid in his name. The paucity of documentary evidence showing joint actions, or commingling to exclude her name in all these documents of resources was as a result of this action by her husband.

*Echem/page3*

The petitioner made available to the adjudication officer at the interview for adjustment, copies of correspondence, family photographs, wedding photographs, and cards, combining wedding greetings, and other salutations to demonstrate the fact of her entry into the marriage in good faith, hoping that she will live a life of contentment and happiness with her in the United States. Unfortunately the incident of her husband's impotency, the strains and stress brought to bear on them, and her husband consequential decisions and actions made their marital life a nightmare and forced her out of her marriage.

## BASIS OF REQUEST FOR WRIT OF HABEAS CORPUS

The petitioner request for release from further custody and detention by the US Department of Homeland Security and the US Marshalls Department because she was not given the opportunity to present her claim before the Immigration Court.
The order of removal in assertion and the denial of her motion to re-open was an abuse of discretion by the Immigration Court. In her application to re-open the matter, the IJ in its ruling on the application observed that " it is appropriate for the court to enter an in absenter order of removal where the service establish by clear, un-equivocal and convincing evidence that the petitioner is removable, and that written notice of hearing and the consequences of the failure to appear were provided to the alien, or the alien's counsel of record. See INA Section 240(b)(5)(a)(2001); 8CFR Section 3.26(c). in the order of the IJ, the however may rescued an in absentia order upon a motion to re-open filed at any time if the petitioner demonstrates that she did not received proper notice of hearing in accordance with Section 239(a)(1) or (2) of the Immigration and

*Echem/page4*

Naturalization Act (INA). 8CFR Section 3.23 (b)(4)(ii). In the case in point the petitioner in her motion through counsel clearly indicated that she has lived in the same apartment for over four years and has not changed address. It was the same address the notice to appear, (NTA) and the notice of hearing were both addressed. She received the (NTA) but did not receive the notice of the hearing date.    It is a serious and erroneous presumption in law to assume that men and or officers of the postal service do or execute their job diligently.

Instances abounded where mails are misplaced, misdirected or abandoned by mail delivery men.

The consumers such as the petitioner, in this instance ends up the worse for it.

The petitioner asserts that the refusal of the IJ to allow her motion to re-open was an abuse of discretion and an imposition of a higher burden on her because her motion to re-open was not opposed by the "Service" the Department of Homeland Security Citizenship and Immigration Services.

The Immigration Court pointed out that the service did not oppose the motion to re-open pursuant to 8CFR Section 3.23(b)(1)(IV)(2001) and local procedure rules 3.4, the petitioner was entitled to deference in the matter.

The petitioner through counsel, served the motion to re-open on the Service and the period for the responsive pleading expired, and therefore the petitioner's motion should have been allowed, more so, given the severely adverse consequences the petitioner stood to suffer if the order to remove entered. In the matter of **Fong Haw Tan v. Phelan,** 331 U.S. 6 (1948) the Court observed that deportation is one of the

*Echem/page5*

harshest punishments that an alien could suffer.

The Court, further held in **Jordan v. DeGeorge,** 341 U.S. 223 (1951) that deportation was the functional equivalent of banishment and held that deportation therefore must be establish by " clear, unequivocal and convincing evidence, see **Woodbury v. INS** 385U.S. 276 (1996). Further, in the matter of **Mathews v. Eldridge,** 424 U.S. 319 (1996), the Court set out a three prong. balancing, test to determinate what process was due.

The Court balanced (1) the private interest that would be affected by the official action; (2) the risk of an erroneous deprivation of such an interest through the procedures used; and (3) the government's interest including the function involved and the fiscal and administrative burdens that the additional or substituted procedural requirement would entail. In this instant case, the petitioner will be forced to abandon her home in the United States. She will be deprived the opportunity of her employment, friends and love ones.

The government would suffer no burden by allowing the petitioner a full hearing on the merits of her case. The failure or inability of the services to object to the motion to re-open further underscores the necessity for the IJ to have allowed the pleadings, such refusal was arbitrary, Capricious and high-handed.

Petitioner asserts that a full evidentiary hearing would have enable her present her case to the Immigration Court on the condition of her marriage prior to her application for waiver

*Echem/page6*

from the requirement of the joint petition to remove conditional status.

The petitioner asserts that a full evidentiary hearing would have enable her to present her case before the Immigration Court on the dwindling relationship in her marital life and the continuous incidents of verbal, emotional, mental and physical abuses she suffered in the hands of her husband, Israel Echem, for no apparent fault of hers. Other then the frustration caused by his impotency.

Petitioner would have brought before the court, several key witnesses including neighbors, relatives of both parties who knew of the efforts made to address the health and medical conditions of her husband.

And finally, petitioner would have had the opportunity to present her claim for other Possible substitutes, where she to be unsuccessful, in her application, to ask for relief under an employment based application her employer of over five years, was willing to file for her to maintain her status in the United States.

In the light of the foregoing the petitioner respectfully asks the Court to order the release from further detention of the petitioner, and to allow her request, remand her application to the Immigration Court and the USCIS, to facilitate her petition for adjustment of status.

<u>Echem/page7</u>

**RESPECTFULLY SUBMITTED,**

                              The Petitioner
                              Nkem Echem
                              By her Attorney

                              Sam Osagiede, Esquire
                              BBO # 636632
                              925 Washington Street, Suite 9
                              Dorchester, Mass 02124
                              Tel: 617-282-1300

Date: _____, 2005