UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NKEM ECHEM,                         )
                                    )
              Petitioner            )
                                    )         Civil Action No.
         v.                         )         05cv10245-JLT
                                    )
JOHN ASHCROFT, ATTORNEY GENERAL,)
                                    )
              Respondent[1]         )

RETURN, MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS, AND OPPOSITION TO STAY REQUEST

Respondent moves for dismissal of this action because
under First Circuit law petitioner has procedurally defaulted
any claim for judicial review of her removal order by failing
to avail herself of the statutorily prescribed direct review of
her final order of removal at the First Circuit Court of
Appeals.  Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir.
2004).  Because her claims are defaulted, the Court should also
deny petitioner's stay request.

**FACTS AND BACKGROUND**

Petitioner is a native and citizen of Nigeria who was
admitted to the United States on October 30, 1996, as a
conditional resident, based upon her marriage to a United

---

[1] The responsive official of the Department of Homeland
Security responsible for enforcement of petitioner's removal
order in the instant action is Bruce Chadbourne, Field Office
Director for Detention and Removal, Department of Homeland
Security, Bureau of Immigration and Customs Enforcement ("ICE")
in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for
the appearance of the Department of Justice "to attend to the
interests of the United States in a suit pending in a court of
the United States").

States citizen.  See generally 8 U.S.C. § 1186a(a)(1)(providing for conditional admission system for certain classes of immigrants).

After admission to the United States, petitioner became estranged from her United States citizen husband.  She then filed a petition before the former Immigration and Naturalization Service ("INS") seeking removal of the conditional basis of her lawful residence status, but that petition was denied by the INS.  Petitioner's permanent resident status was terminated, and petitioner was placed into removal proceedings as a result.  See 8 U.S.C. § 1186a(c)(1)(C) (establishing requirement that removal of conditional basis be sought and for adjudication of such requests), and § 1227(a)(1)(D)(i) (establishing deportation ground for alien whose conditional resident status has been terminated).

Petitioner was placed into removal proceedings by administrative Notice to Appear dated February 20, 2001, alleging petitioner's removability under 8 U.S.C. § 1227(a)(1)(D)(i), as an alien whose conditional resident status has been terminated.  Petitioner's removal case was scheduled for May 16, 2001, before an Immigration Judge in removal proceedings.  In those removal proceedings, the charges of removability were to be adjudicated by the Immigration Judge, and petitioner was entitled by statute to request the Immigration Judge to review the INS's termination of

petitioner's conditional resident status.  <u>See</u> 8 U.S.C. § 1186a(c)(3)(D) (providing for review of termination of status in removal proceedings).

However, petitioner failed to appear at the scheduled  May 16, 2001, removal hearing, and on May 17, 2001, the Immigration Judge in Boston, Massachusetts, issued an order of removal in absentia.  Attachment A, Order of the Immigration Judge, dated May 17, 2001.  <u>See</u> 8 U.S.C. § 1229a(b)(5)(A) (directing issuance of in absentia order of removal where alien fails to attend hearing); <u>see</u> <u>also</u> <u>Thomas v. INS</u>, 976 F.2d 786 (1st Cir. 1992)(discussing in absentia deportation order procedure).

Petitioner filed a motion to reopen with the Boston Immigration Judge seeking to rescind her in absentia removal order, and by decision dated July 16, 2001, that motion was denied by the Immigration Judge.  Attachment B, Decision of the Immigration Judge, dated July 16, 2001.

Petitioner then appealed the Immigration Judge's denial of the motion to reopen to the Board of Immigration Appeals ("BIA"), which by decision dated January 31, 2002, dismissed the appeal upon its determination that the Immigration Judge's decision was correct.  Attachment C.

Petitioner failed to seek statutorily prescribed and available judicial review of the BIA's January 31, 2002, decision at the First Circuit Court of Appeals.  Attachment D, PACER printouts.  <u>See</u> 8 U.S.C. §§ 1252(b)(1) (directing that

"[t]he petition for review must be filed not later than 30 days
after the date of the final order of removal"), and 1252(b)(2)
(prescribing venue in review of a removal order, "[t]he
petition for review shall be filed with the court of appeals
for the judicial circuit in which the immigration judge
completed the proceedings.").

Petitioner remains in custody pending completion of
arrangements for her removal to Nigeria.

**ARGUMENT**

I.   PETITIONER'S CLAIMS ARE PROCEDURALLY DEFAULTED BY HER
     FAILURE TO SEEK DIRECT REVIEW OF THE BIA'S JANUARY 31,
     2002 REMOVAL ORDER.

In Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir.
2004), the First Circuit affirmed on procedural default grounds
a district court's dismissal of a habeas petition seeking to
challenge a removal order.  Like the instant petitioner, the
alien habeas petitioner in Rivera-Martinez was not statutorily
barred from seeking the prescribed direct view of his final
order of removal at the circuit court of appeals, but
nonetheless abandoned that avenue and instead attempted to seek
review of his removal order in habeas corpus proceedings before
the district court.

The district court below in Rivera-Martinez dismissed the
petition on the basis that petitioner was required to have
availed himself of the statutorily prescribed direct review at
the circuit court by filing a petition for review there within

4

30 days of the date of entry of her final order of removal. See 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

The district court reasoned that "because there exists a specific statutory review process for such claims, there is no basis to invoke habeas corpus jurisdiction to provide a duplicative review process or vary that which Congress has provided", and that the petitioner "may not escape the limitations period Congress has established for the route to judicial review by seeking to develop in a leisurely manner an alternative path that Congress has not authorized." Rivera-Martinez v. Ashcroft, 389 F.3d at 208-9, quoting district court's Memorandum and Order dated April 30, 2003, Rivera-Martinez v. Ashcroft, No. 03cv10268-DPW (D. Mass. 2003).

The First Circuit in Rivera-Martinez affirmed the district court habeas dismissal, holding that an alien who "could have, but did not press [his claim] on statutory direct review" at the Circuit Court of Appeals, had "procedurally defaulted" on her claim so as to make habeas corpus review of that same claim unavailable. Rivera-Martinez v. Ashcroft, 389 F.3d at 209.

The circuit court's <u>Rivera-Martinez</u> decision declared that because the petitioner had filed a petition for writ of habeas corpus instead of filing a petition for statutorily prescribed direct review at the circuit court, "this is a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review." <u>Id</u>. at 210.

The First Circuit noted that it had "previously recognized that principles of procedural default apply in the immigration law context", citing <u>Foroglou v. Reno</u>, 241 F.3d 111, 115 (1st Cir. 2001), and <u>Mattis v. Reno, et al.</u>, 212 F.3d 31, 41 (1st Cir. 2000), <u>abrogated on other grounds</u>, 533 U.S. 289 (2001), and that "we see no reason to doubt the correctness of the district court's decision to apply those principles to reject Rivera's petition." <u>Rivera-Martinez v. Ashcroft</u>, 389 F.3d at 210.  Accordingly, the First Circuit affirmed the district court's dismissal of the habeas corpus petition on a procedural default analysis.

Respondent submits that <u>Rivera-Martinez v. Ashcroft</u>, <u>supra</u>, is controlling in the instant case. Respondent concedes on petition that she is subject to a "final order of the BIA, entered on January 31, 2002." Petitioner's Motion for Stay of Removal and or Deportation, p.1.  Petitioner also recites her several assignments of error in the BIA decision.  <u>Id.</u> pp. 1-2. However, because petitioner could have and should have but did

not seek the statutorily prescribed direct review of her
January 31, 2002, final order of removal at the First Circuit
Court of Appeals, petitioner has procedurally defaulted on such
review, and habeas corpus review of her claims is unavailable.

Accordingly, the Court should dismiss the action as
procedurally defaulted under <u>Rivera-Martinez</u>, <u>supra</u>.

II.  BECAUSE HABEAS CORPUS REVIEW IS UNAVAILABLE, THERE IS NO
     LIKELIHOOD OF SUCCESS ON THE MERITS AND THE COURT SHOULD
     DENY THE STAY REQUEST.

In the instant case habeas review of petitioner's claims
is unavailable because First Circuit has held that an alien who
"could have, but did not press [her claim] on statutory direct
review" at the Circuit Court of Appeals, has "procedurally
defaulted" on her claim so as to make habeas corpus review of
that same claim unavailable, <u>Rivera-Martinez v. Ashcroft</u>,
<u>supra</u>, at 210.  This Court should therefore deny the stay
request.

Because habeas corpus is unavailable as a result of
petitioner's procedural default, there is no likelihood of
success on the merits.  <u>See</u> <u>Arevalo v. Ashcroft</u>, 344 F.3d 1, 9
(1st Cir. 2003)("in sum, we hold that the applicable standard
for evaluating requests for stays pending review of final
orders of removal is the four-part algorithm used for
preliminary injunctions"); <u>Lancor v. Lebanon Hous. Auth.</u>, 760
F.2d 361, 362 (1st Cir. 1985) ("[o]f these four factors, the
probability-of-success component in the past has been regarded

by us as critical in determining the propriety of  injunctive relief"); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits).

Accordingly, the Court should deny the stay request.

CONCLUSION

Because petitioner failed to avail herself of the prescribed direct judicial review of her removal order, habeas corpus review is unavailable to her, Rivera-Martinez v. Ashcroft, supra, and the Court should deny the stay request, dismiss the petition, and deny all other relief.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on March 7, 2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

**ATTACHMENT A**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS


NKEM, ECHEM
7 LICOLN STRRET APT #12
HYDE PARK        MA 02136


IN THE MATTER OF          FILE A 46-117-237       DATE: May 17, 2001
NKEM, ECHEM


___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE. THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                           OFFICE OF THE CLERK
                           P.O. BOX 8530
                           FALLS CHURCH, VA  22041

✓ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                           IMMIGRATION COURT
                           JFK FEDERAL BLDG., ROOM 320
                           BOSTON, MA  02203-0002

___ OTHER: _____
    _____

                              W. Glyman
                           COURT CLERK
                           IMMIGRATION COURT                          FF

    CC: MENENDEZ, BERNARD
        JFK FED BLDG, RM#425
        BOSTON, MA, 02203

DP

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

In the Matter of:                        Case No.: A46-117-237
NKEM, ECHEM
                                         Docket: BOSTON, MASSACHUSETTS
RESPONDENT
                                         IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

On May 16, 2001, at  9:30 A.M., pursuant to proper notice, the above
entitled matter was scheduled for a hearing before an Immigration Judge for the
purpose of hearing the merits relative to the respondent's request
for relief from removal.  However,

( ✓ )   the respondent was not present.

(   )   the respondent's representative was present; however, the
        respondent was not present.

(   )   neither the respondent nor the respondent's representative was
        present.

Therefore, in the absence of any showing of good cause for the respondent's
failure to appear at the hearing concerning the request for relief, I find that
the respondent has abandoned any and all claim(s) for relief from removal.

Wherefore, the issue of removability having been resolved, it is HEREBY ORDERED
for the reasons set forth in the Immigration and Naturalization Service
charging document that the respondent be removed from the United States to
NIGERIA.

_____
THOMAS M. RAGNO
Immigration Judge
Date:  May 17, 2001

Appeal:  waived/reserved  (A/I/B)
Appeal Due By:  Jun 15, 2001

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)   PERSONAL SERVICE (P)
TO: [M] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [P] INS
DATE: ____5/17/01____  BY: COURT STAFF  _____
     Attachments:  [ ] EOIR-33  [✓] EOIR-28  [ ] Legal Services List  [ ] Other

---

Form EOIR 36 - 7T (FTA)
OP

**ATTACHMENT B**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

NKEM, ECHEM
7 LICOLN STRRET APT #12
HYDE PARK        MA 02136

IN THE MATTER OF            FILE A 46-117-237        DATE: Jul 16, 2001
NKEM, ECHEM

___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                           OFFICE OF THE CLERK
                           P.O. BOX 8530
                           FALLS CHURCH, VA  22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                           IMMIGRATION COURT
                           JFK FEDERAL BLDG., ROOM 320
                           BOSTON, MA  02203-0002

___ OTHER: _____
    _____

                                        COURT CLERK
                                        IMMIGRATION COURT                FF

    CC: MENENDEZ, BERNARD
        JFK FED BLDG, RM#425
        BOSTON, MA,  02203
LR

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BOSTON, MASSACHUSETTS

File:    A46 117 237

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Nkem ECHEM, | ) | IN REMOVAL |
| | ) | PROCEEDINGS |
| Respondent | ) | |

CHARGE:    Section 237(a)(1)(D)(i) of the Immigration and Nationality Act ("the Act")
[8 U.S.C. § 1227(a)(1)(D)(i)] - Termination of Conditional Permanent Residence

APPLICATION:    Motion to Reopen

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:
Sharon Aylward                    Assistant District Counsel
339 Hancock Street                Trial Attorney Unit - INS
Quincy, Massachusetts 02171       JFK Federal Bldg., Rm. 425
                                  Boston, Massachusetts  02203

DECISION OF THE IMMIGRATION JUDGE

On June 13, 2001, the respondent, through counsel, filed a motion to reopen in the above-referenced matter. The respondent asserts that although she received a Notice to Appear ("NTA"), she never received notice of hearing. The only communication she received from the Court was an order of removal. She claims that she has lived at the same residence for over four years.

As of the date of this decision, the Immigration and Naturalization Service ("the Service") has not filed a response to the respondent's motion to reopen. Therefore, the respondent's motion will be deemed unopposed. See 8 C.F.R. § 3.23(b)(1)(iv) (2001); Local Operating Procedure # 3.4.

The evidence in the record of proceedings establishes that on February 26, 2001, the Service served the respondent an NTA alleging that she is a native and citizen of Nigeria who was admitted to the United States at Boston, Massachusetts on October 30, 1996 as a conditional residence. It further alleges

that her conditional resident status was terminated on February 20, 2001 and charges her with removability pursuant to section 237(a)(1)(D)(i) of the Act. The NTA did not provide a hearing date. On March 22, 2001, the Immigration Court scheduled a hearing in this matter for May 16, 2001. The Court mailed the hearing notice to the respondent at the same address listed on the NTA. When the respondent did not appear for her hearing, the Court proceeded in absentia. An order of removal to Nigeria was entered against the respondent based on the charge contained in the NTA.

It is appropriate for the Court to enter an in absentia order of removal where the Service establishes by clear, unequivocal and convincing evidence that the respondent is removable and that written notice of hearing and the consequences of the failure to appear were provided to the alien or the alien's counsel of record. INA § 240(b)(5)(A) (2001); 8 C.F.R. § 3.26(c). The Court, however, may rescind an in absentia order upon a motion to reopen filed at any time if the respondent demonstrates that she did not receive proper notice of hearing in accordance with sections 239(a)(1) or (2) of the Act. 8 C.F.R. § 3.23(b)(4)(ii).

Notice was properly served if there is proof of attempted delivery by mail to the last address provided by the alien. INA § 239(c). Proof of actual service or receipt of the notice by the respondent is not required to show proper service. See Matter of Grijalva, 21 I&N Dec. 27, 37 (BIA 1996). There is a presumption that public officers, including Postal Service employees, properly discharge their duties. See id. at 37 citing Powell v. C.I.R., 958 F.2d 53 (4th Cir.), cert. denied, 506 U.S. 965 (1992); United States v. Chemical Foundation, 272 U.S. 1 (1926). The Court shall only reopen proceedings for lack of notice if the respondent presents substantive and probative evidence of improper delivery or nondelivery. See Matter of Grijalva, supra at 37.

The Court will deny the respondent's motion. The evidence in the record indicates that the Court mailed the notice of hearing to the respondent at the last address provided by her. The respondent has not presented any substantive and probative evidence of improper delivery or nondelivery. As such, the Court presumes that notice was properly served. See Matter of Grijalva, supra.

The following order shall enter:

ORDER: IT IS ORDERED that the Respondent's Motion to Reopen Removal proceedings be, and the same is hereby DENIED.

7-12-01
_____
Date

_____
THOMAS M. RAGNO
United States Immigration Judge

ATTACHMENT  C



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Aylward, Sharon
339 Hancock St.,
Quincy, MA 02171-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: ECHEM, NKEM                                  A46-117-237

Date of this notice: 01/31/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
        HESS, FRED
        OHLSON, KEVIN A.
        VILLAGELIU, GUS

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A46 117 237 - Boston

Date:  **JAN 3 1 2002**

In re: NKEM ECHEM

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Sharon Aylward, Esquire

ORDER:

PER CURIAM.  The respondent has appealed the Immigration Judge's July 12, 2001, decision denying the respondent's motion to reopen her case following a hearing held on May 17, 2001, in which the respondent was ordered deported in absentia. The appeal is dismissed.

An order of deportation issued following proceedings conducted in absentia pursuant to section 242B(c) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c), may be rescinded only upon a motion to reopen which demonstrates that the alien failed to appear because of exceptional circumstances, because she did not receive proper notice of the time and place of the hearing, or because she was in federal or state custody and failed to appear through no fault of her own. *See Matter of Grijalva*, 21 I&N Dec. 472 (BIA 1995); *Matter of Gonzalez-Lopez*, 20 I&N Dec. 644 (BIA 1993). On appeal, the respondent argues that she failed to appear at the hearing because she never received the notice of the time and place of her hearing.

An Immigration Judge has authority to conduct a hearing in absentia in deportation proceedings where the respondent fails to appear, and the Immigration Judge is satisfied that notice of the time and place of proceedings was provided to the respondent by written notice to the most recent address in the Record of Proceeding. 8 C.F.R. § 3.26(a). The sufficiency of the notice will depend on whether there is proof of attempted delivery to the last address provided by the respondent in accordance with section 239(a)(1)(F) of the Immigration and Nationality Act. *See Matter of G-Y-R-*, 23 I&N Dec. 181, 185 (BIA 2001). In that case we noted that, where an alien has actually received a Notice to Appear, she has been put on actual notice of the proceedings against him, including notice of her obligation to keep the Immigration Court informed of any changes of address, and of the consequences for failure to do so. *Id.* at 186.

In the case before us the respondent admits that she was served by regular mail with the Notice to Appear, placing her on notice that she was required to provide the Service with her full mailing address and to immediately notify the Immigration Court of any change of address (Exh. 1). That notice also informed the respondent that she was to appear at a hearing before the Immigration Judge at a time and date to be set later. The record reflects that a hearing notice was sent by regular mail to the exact same address used for the Notice to Appear, and there is no indication that document

was returned as undeliverable (Exh. 2). The respondent concedes that she received the Immigration Judge's in absentia decision, which had also been mailed to the same address.

On appeal the respondent maintains that she never received any hearing notice. However, she concedes that she received the charging document and the Immigration Judge's decision, both of which were sent to the same address as the hearing notice.[1] Moreover, we note that there is a presumption that public officers, including Postal Service employees, properly discharge their duties. *See Matter of Grijalva*, 21 I&N Dec. 27 (BIA 1995). The notice of hearing was sent to the most recent address in the Record of Proceedings. This address was such that two other notices relating to the respondent's proceedings were received there without incident. While the respondent claims that the hearing notice alone was not delivered, the record is devoid of any evidence that document was ever returned as undeliverable or otherwise deficient. Given this record, we find that the respondent was afforded legally adequate notice of her hearing and the Immigration Judge did not err in conducting the hearing in absentia. *See* 8 C.F.R. § 3.26(c) (noting that written notice to the most recent address contained in the Record of Proceeding shall be considered sufficient).

As we are not persuaded by the respondent's arguments on appeal, the appeal is dismissed.

FOR THE BOARD

---

[1] We recognize that all three documents were sent to "Licoln" street rather than "Lincoln." However, the respondent never corrected the minor discrepancy, and there is no indication that this misspelling in any manner interfered with the delivery of those documents.

2

**ATTACHMENT D**



## Party/Attorney Selection Page

No matching records found for Echem, Nkem

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/07/2005 12:09:47 | | |
| **PACER Login:** | us5172 | **Client Code:** | |
| **Description:** | pty select | **Search Criteria:** | Echem, Nkem |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |