### SHARON AYLWARD
ATTORNEY AT LAW
339 HANCOCK STREET
QUINCY, MASSACHUSETTS 02171

TEL.(617) 328-8844 • FAX (617) 472-7953

October 29, 2001

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals
Office of the Clerk
5201 Leesburg Pike, Suite 1300
Falls Church, VA 22041

Re: ECHEM, Nkem
    A46-117-237

Dear Sir/Madam:

Enclosed please find Respondent's Brief with attachments, Notice of Appearance and Certificate of Service regarding the above-captioned matter.

Very truly yours,

Sharon Aylward

SA:ms
enc.

NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE IMMIGRATION COURT
*EXECUTIVE OFFICE FOR IMMIGRATION REVIEW*

| TYPE OF PROCEEDING: | DATE October 29, 2001 |
|---|---|

☐ Deportation    ☐ Bond Redetermination    ☐ Disciplinary
☒ Removal        ☐ Motion to Reopen/Reconsider
☐ Exclusion      ☐ Rescission

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable)

A46 117 237

| NAME | (First) | (Middle Initial) | (Last) |
|---|---|---|---|
| | Nkem | | Echem |

| ADDRESS | (Number & Street) | (Apt. No.) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|---|
| | 7 Lincoln Street | #12 | Hyde Park | MA | 02126 |

Please check one of the following:

☒ 1.  I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia:

*Name(s) of Court(s)*                    *State Bar No. (if applicable)*

MA.Supreme Judicial Ct          550104

(Please use space on reverse side to list additional jurisdictions.)

I ☐ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or adminstrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions other than federal courts where I am licensed to practice law.

☐ 2.  I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization): _____

☐ 3.  I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 292. (Explain fully on reverse side.)

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | TELEPHONE NUMBER (Include Area Code) | DATE |
|---|---|---|---|
| *Sharon Aylward* | | 617.328.8844 | 10/29/01 |

| NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT) | ADDRESS    ☐ Check here if this is a new address. |
|---|---|
| Attorney Sharon Aylward | 339 Hancock St. Quincy, MA 02171 |

**Certificate of Service**

I ___Sharon Aylward___ mailed or delivered a copy of the foregoing on ___10/30/01___ to the Immigration
    (Name)                                                          (Date)
and Naturalization Service at ___J.F.K. Bldg. Rm. 425, Boston,MA 02203___
                                        (Address)

X _*Sharon Aylward*_
    Signature of Attorney or Representative

OMB#1125-0006

FORM EOIR-28
August 99

**(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.)**



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Aylward, Sharon
839 Hancock St.,
Quincy, MA 02171-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: EGHEM, NKEM

A46-567-237

**Type of Proceeding:** Removal

**Date of this notice:** 10/10/2001

**Type of Appeal:** Appeal of IJ MTR

**Appeal filed by:** Alien

**Date of Appeal:** 08/15/2001

### NOTICE -- BRIEFING EXTENSION REQUEST GRANTED

Alien's original due date: 10/10/2001

INS' original due date: 11/09/2001

o   The request by the alien for an additional amount of time to submit a brief, which
     was received on 10/05/2001 is GRANTED

o   The alien's brief must be received at the Board of Immigration Appeals on or before
     10/31/2001

o   The INS' brief must be received at the Board of Immigration Appeals on or before
     12/03/2001

**PLEASE NOTE**

The Board generally does not grant extensions for more than 21 days. Each party's current
due date is stated above.

The Board rarely grants more than one briefing extension to each party. Therefore, if you
have been granted an extension, you should assume that you will not be granted any further
extensions.

If you file your brief late, you must file it along with a motion for consideration of your late-
filed brief. There is no fee for such a motion. The motion must set forth in detail the

# UNITED STATES DEPARTMENT OF JUSTICE
# EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

## BOARD OF IMMIGRATION APPEALS

IN THE MATTER OF

NKEM <u>ECHEM</u>

A46117237

**RESPONDENT'S BRIEF**

**Sharon Aylward, Esquire**
**Attorney for Respondent**
**339 Hancock Street**
**Quincy, Massachusetts 02171**
**617.328.8844**

## BACKGROUND

The Respondent, Nkem Echem, is a forty-three year old woman from Nigeria. In 1993 the Respondent was working as a nurse in a hospital in Nigeria. It was there that she met Israel Echem, a citizen of the United States, who was being treated for injuries he sustained in a serious automobile accident. Israel Echem's Nigerian fiancé was killed in the accident. Respondent was in charge of the ward where he was treated. Mr. Echem stayed in Nigeria for one month after being discharged from the hospital. He and Respondent met occasionally during that period. Even before he left Nigeria, Mr. Echem started talking about marriage. Respondent told him that it was much too soon after his fiancé's death to be thinking about marrying another person.

After returning to the United States, Mr. Echem contacted Respondent through the hospital and started writing her letters. Before long, he asked her to marry him. Respondent refused his proposals initially. She was concerned that he had been married three times before, but Mr. Echem vowed that he had learned his lesson and would be a good husband. Mr. Echem was persistent and persuasive. Many of his letters of love and entreaty were offered as evidence to the District Director and are attached herein.

Over time, Respondent grew to love Mr. Echem and resolved to marry him and begin life anew in the United States. They were married November 25, 1995. About two hundred people in Respondent's village attended the various ceremonies. Photographs were submitted to the District Director in support of her application for a waiver of the joint petition requirement.

Respondent entered the United States in 1996 and lived with her husband at 43 Cleveland Street, Dorchester, Massachusetts. Impotency was a problem. Mr. Echem said that he was seeing an urologist, but he never said who the doctor was. The problem persisted. After two or

1

three months, Mr. Echem became very suspicious and jealous of his new bride. He taped her telephone calls. She realized this was happening after she discovered a tape recorder hidden under their bed. Mr. Echem also became very controlling. Respondent got a job and handed over money to her husband. He paid the bills. Nothing was every done in her name. After a few months, Mr. Echem became abusive both physically and emotionally. Respondent started to call the police on one occasion, but did not complete the call. She was ashamed to tell anyone about the abuse because in Nigeria a woman would be disgraced if she disclosed anything bad that went on between her and her husband. Finally, afraid that she would be seriously injured, she fled the home and stayed with friends.

## STATEMENT OF THE CASE

Respondent filed an application for waiver of the joint petition requirement on November 10, 1998, without benefit of counsel. On January 11, 2001, Respondent appeared with counsel at a scheduled interview with a District Adjudication officer.

The District Director found that the Respondent failed to provide testimony or documentary evidence to substantiate her claim of a bona fide marital relationship, discounting the letters from the United States citizen husband begging Respondent to marry him and the photographs of the marriage ceremonies in Nigeria. The District Director instead focused on the lack of combined financial assets, failing to take into consideration the testimony that Mr. Echem exerted complete control over his wife, therefore never permitted anything to be held jointly.

2

The District Director's decision of Termination of Conditional Status was sent to Respondent at 7 Lincoln Street #12, Hyde Park, Massachusetts. A copy was also sent to her attorney. Attached to the decision was a Notice to Appear stating:

"YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: EOIR, Room 320, JFK Federal Bldg, Gov't Center, Boston, MA 02203 on <u>time and date to be set</u> by the I.J. to show why you should not be removed from the U.S. based on the charge(s) set forth above." This was dated Feb 20, 2001.

Neither Respondent nor her attorney of record received any notices from the Immigration court advising of the date of hearing. This despite the fact that Respondent had lived at the same address for four years and her attorney had not moved her office. Respondent did, however, receive an Order dated May 17, 2001, sent to her home which stated that the Immigration Judge found her removable because she did not appear at the May 16, 2001 hearing. Respondent's attorney of record did not receive the Order.

Respondent contacted her attorney who filed a Motion to Reopen on June 13, 2001. The Immigration and Naturalization Service did not file a response to the Motion to Reopen.

The Immigration Judge denied Respondent's motion on July 12, 2001. This instant appeal was filed June 13, 2001.

## **ARGUMENT**

<u>The Immigration Judge violated Respondent's due process rights in denying Respondent's Motion to Reopen.</u>

3

The imposition of a deportation order upon an individual has traditionally been viewed as one of the harshest punishments. Fong Haw Tan v. Phelan, 333 U.S. 6 (1948). Deportation is the functional equivalent of banishment. Jordan v. DeGeorge, 341 U.S. 223 (1951). Indeed, deportation is a sentence to live in exile. Id. Deportability, therefore, must be established by "clear, unequivocal and convincing evidence." Woodbury v. INS, 385 U.S. 276 (1966).

An individual in deportation proceedings faces one of the severest deprivations of liberty imaginable, and is entitled to a full hearing and a fair opportunity to present evidence on her behalf. Bridges v. Wixon, 326 U.S. 135 (1945); Lok v. INS, 548 F.2d 24 (2d Cir. 1977).

Respondent was a Conditional Permanent Resident and has a vital liberty interest in being allowed to remain in the United States. This substantial liberty interest entitled her to a full adjudicatory hearing prior to a finding that she was deportable. Landon v. Placencia, 459 U.S. 21 (1982).

In Mathews v. Eldridge, 424 U.S. 319 (1976), the Court set out a three part balancing test to determine what process was due. The Court balanced (1) the private interest that would be affected by the official action; (2) the risk of an erroneous deprivation of such an interest through the procedures used; and (3) the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 3354.

4

In the instant case, Respondent will be forced to leave her home in the United States. She will have to leave her job, her friends and return in disgrace to the country she left to marry a United States citizen. Because there has not been a hearing on the facts of Respondent's claim, there is a tremendous risk of erroneous deprivation of her private interest. Lastly, the Government would suffer no burden by affording Respondent a full hearing on the merits of her case. In fact, the Service has not raised any objection to Respondent's Motion to Reopen.

## CONCLUSION

For the above reasons, the Motion to Reopen should be granted and the case remanded to the Immigration Judge for a hearing on the merits on the bona fide marriage and on the waiver of the joint petition.

Respectfully submitted,
Nkem Echem, Respondent
By her attorney,

Sharon Aylward
339 Hancock Street
Quincy, MA 02171

Dated: October 29, 2001

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing RESPONDENT'S BRIEF was served by first class mail, postage prepaid on: Bernard Menendez, Esquire, Assistant District Counsel, Trial Attorney Unit-INS, JFK Federal Bldg., Room 425, Boston, MA 02203 on this 30th day of October, 2001.

Sharon Aylward
Attorney for Respondent
Nkem Echem



**U.S. Department of Justic**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Aylward, Sharon**
**339 Hancock St.,**
**Quincy, MA  02171-0000**

**Office of the District Counsel/BO**
**P.O. Box 8728**
**Boston, MA  02114**

**Name: ECHEM, NKEM**                          **A46-117-237**

**Date of this notice: 01/31/2002**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
      HESS, FRED
      OHLSON, KEVIN A.
      VILLAGELIU, GUS

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:  A46 117 237 - Boston                    Date:     **JAN 3 1 2002**

In re: NKEM <u>ECHEM</u>

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:     Sharon Aylward, Esquire


ORDER:

PER CURIAM.   The respondent has appealed the Immigration Judge's July 12, 2001, decision denying the respondent's motion to reopen her case following a hearing held on May 17, 2001, in which the respondent was ordered deported in absentia. The appeal is dismissed.

An order of deportation issued following proceedings conducted in absentia pursuant to section 242B(c) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c), may be rescinded only upon a motion to reopen which demonstrates that the alien failed to appear because of exceptional circumstances, because she did not receive proper notice of the time and place of the hearing, or because she was in federal or state custody and failed to appear through no fault of her own. *See Matter of Grijalva*, 21 I&N Dec. 472 (BIA 1995); *Matter of Gonzalez-Lopez*, 20 I&N Dec. 644 (BIA 1993). On appeal, the respondent argues that she failed to appear at the hearing because she never received the notice of the time and place of her hearing.

An Immigration Judge has authority to conduct a hearing in absentia in deportation proceedings where the respondent fails to appear, and the Immigration Judge is satisfied that notice of the time and place of proceedings was provided to the respondent by written notice to the most recent address in the Record of Proceeding. 8 C.F.R. § 3.26(a). The sufficiency of the notice will depend on whether there is proof of attempted delivery to the last address provided by the respondent in accordance with section 239(a)(1)(F) of the Immigration and Nationality Act. *See Matter of G-Y-R-*, 23 I&N Dec. 181, 185 (BIA 2001). In that case we noted that, where an alien has actually received a Notice to Appear, she has been put on actual notice of the proceedings against him, including notice of her obligation to keep the Immigration Court informed of any changes of address, and of the consequences for failure to do so. *Id.* at 186.

In the case before us the respondent admits that she was served by regular mail with the Notice to Appear, placing her on notice that she was required to provide the Service with her full mailing address and to immediately notify the Immigration Court of any change of address (Exh. 1). That notice also informed the respondent that she was to appear at a hearing before the Immigration Judge at a time and date to be set later. The record reflects that a hearing notice was sent by regular mail to the exact same address used for the Notice to Appear, and there is no indication that document

A46 117 237

was returned as undeliverable (Exh. 2). The respondent concedes that she received the Immigration Judge's in absentia decision, which had also been mailed to the same address.

On appeal the respondent maintains that she never received any hearing notice. However, she concedes that she received the charging document and the Immigration Judge's decision, both of which were sent to the same address as the hearing notice.[1] Moreover, we note that there is a presumption that public officers, including Postal Service employees, properly discharge their duties. *See Matter of Grijalva*, 21 I&N Dec. 27 (BIA 1995). The notice of hearing was sent to the most recent address in the Record of Proceedings. This address was such that two other notices relating to the respondent's proceedings were received there without incident. While the respondent claims that the hearing notice alone was not delivered, the record is devoid of any evidence that document was ever returned as undeliverable or otherwise deficient. Given this record, we find that the respondent was afforded legally adequate notice of her hearing and the Immigration Judge did not err in conducting the hearing in absentia. *See* 8 C.F.R. § 3.26(c) (noting that written notice to the most recent address contained in the Record of Proceeding shall be considered sufficient).

As we are not persuaded by the respondent's arguments on appeal, the appeal is dismissed.

FOR THE BOARD

---

[1]  We recognize that all three documents were sent to "Licoln" street rather than "Lincoln." However, the respondent never corrected the minor discrepancy, and there is no indication that this misspelling in any manner interfered with the delivery of those documents.

2

+

**DEPARTMENT OF JUSTICE**
**IMMIGRATION AND NATURALIZATION SERVICE**
**John F. Kennedy Building**
**Boston, Massachusetts 02203**

Nkem Echem
7 Lincoln Street Apt. #12
Hyde Park, MA  02136

Refer to this File Number: A46 117 237
Date:    FEB **2 0** 2001

### TERMINATION OF CONDITIONAL STATUS

Reference is made to the application for Waiver of Joint Petition to Remove Conditions on Residence that you filed on **November 10, 1998** at Burlington, Vermont. The application was forwarded to the Boston District office for evaluation. After consideration and review it is the decision of the Service that your application be denied.

You appeared with counsel present for a scheduled interview with a District Adjudications Officer on **January 11, 2001** in reference to the aforementioned application. At this interview you provided sworn testimony and documentation to support your application for a waiver. Section 216.5(e)(3) of Title 8, Code of Federal Regulations (8 C.F.R.) states that an application for waiver based on an alien's claim of having been battered or subjected to extreme mental cruelty must be supported by evidence.

The Form I-751 includes three (3) possible choices concerning "hardship waiver(s)". As the basis for the aforementioned waiver application, you have chosen "I am a conditional resident spouse who entered in to the marriage in good faith...who has been battered or subjected to extreme mental cruelty by my citizen or permanent resident spouse". In addressing these waivers, Section 216(c)(4) of the Immigration and Nationality Act states that "the Attorney General shall consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis".

The record reflects that you were granted Conditional Residence status on October 30, 1996. You testified that you and your spouse, Isreal Echem, last resided together at 43 Clayborne Street, Dorchester, Massachusetts. You testified that you moved out of that residence in May or June of 1997 and went to live with friends in Hyde Park, Massachusetts.

Section 216.5(e)(3)(iii) of Title 8, Code of Federal Regulations (8 C.F.R.) states:

> "Evidence of physical abuse may include, but is not limited to, expert testimony in the form of reports and affidavits from police, judges, medical personnel, school officials and social service agency personnel. The Service must be satisfied with the credibility of the sources of documentation submitted in support of the application." Section 216.5(e)(3)(iv) further states "...all waiver applications based upon claims of extreme mental cruelty must be supported by the evaluation of a professional recognized by the Service as an expert in the field." Additionally, Section 216.5(e)(3)(v) of 8 C.F.R states "The evaluation must contain the professional's full name, professional address and license number. It must also identify the licensing, certifying, or registering authority."

You provided the Service with two separate affidavits in which you provide your reasons for filing the waiver. In the affidavits you claim that after taking up residence with your spouse in the United States you discovered that your spouse was impotent. You claim that you encouraged him to get medical attention for this condition. You claim that your spouse was referred to an urologist but you do not know the name of the doctor. You claim that you never saw any test results from the urologist but your spouse told you that he okay. You claim that your spouse continued to be sexually inactive with you during your residence together. You claim that you were "mentally frustrated of being sexually aroused" and did not receive any response from your spouse because of impotence.

At the scheduled interview you testified that your spouse physically attacked you on three or four occasions. You testified that your spouse struck you about the face and body with open hands and sometimes with fists. You testified that the first time you were physically attacked by your spouse was in February or March 1997. You testified that your spouse was verbally abusive towards you by yelling loudly and calling you names such as "layabout", "idiot", "foolish", and "prostitute". You testified that this verbal abuse would happen daily during the time you resided together with your spouse.

At the scheduled interview you testified that your spouse secretly recorded your conversations and you claim to have found a tape recorder under your bed. You testified that a copy of one of the tapes is in the possession of your friend. In the affidavits you also claim that on two occasions you discovered recording equipment hidden in the closet that was set up to record your telephone conversations. You have not provided evidence to support these claims.

You testified that the police were never called to respond due to your claimed abuse. According to your testimony and one of your affidavits, on one occasion you picked up the phone and dialed "9-1-1" but hung up and did not complete the call. You testified that you mentioned the claimed abuse to a cousin who lives in California over the telephone. According to your testimony and your affidavit you did not tell anyone else of the claimed abuse because you were ashamed. You testified that there were not any witnesses to the claimed abuse. You testified that the claimed abuse did not cause you any absence from employment. You testified that you did not attempt to receive medical treatment due to the claimed abuse.

You testified that you are currently involved with divorce proceedings. You submitted a copy of the Complaint for Divorce filed by your spouse, dated July 5, 2000. According to the complaint that was filed by your spouse, the plaintiff, a claim is made that you induced him into marriage for fraudulent reasons. Your spouse requested the court to grant a divorce for cruel and abusive treatment. You provided the Service with an Answer to Complaint for Divorce and Counterclaim that you filed with the Suffolk Probate and Family Court and served to your spouse on December 5, 2000. The counterclaim denies that you are guilty of cruel and abusive treatment and counterclaims that your spouse is guilty of cruel and abusive treatment. Neither the answer nor the counterclaim addresses the accusation made by your spouse that you induced him into marriage for fraudulent reasons. The issues involved with your divorce remain unresolved by the court.

You claim that you entered the marriage in good faith. In making a decision regarding the validity of the marriage, the District Director should "reach an independent conclusion based upon the evidence of record". **Matter of Tawfik**, 20 I&N 166 (BIA 1990). **Matter of Laureno** , 19 I&N Dec. 1 (BIA 1983), states that the conduct of the parties after the marriage is relevant as to their intention at the time of the marriage.

Section 216.5(e)(2) of Title Eight of the Code of Federal Regulations (8 C.F.R) states:

> Application for waiver based upon the alien's claim that the marriage was entered into in good faith. In considering whether an alien entered into a qualifying marriage in good faith, the director shall consider evidence relating to the amount of commitment by both parties to the marital relationship. Such evidence may include:
>
> (i)      Documentation relating to the degree to which the financial assets and liabilities of the parties were combined;
> (ii)      Documentation concerning the length of time during which the parties cohabited after the marriage and after the alien obtained permanent residence;
> (iii)      Birth certificates of children born to the marriage; and
> (iv)      Other evidence deemed pertinent by the director.

You provided the Service with photographs of your marriage ceremony. According to your affidavit and testimony you had three separate marriage ceremonies in Nigeria and claim that about 200 people attended the ceremony. You provided copies of letters and cards that were sent to you by your spouse. You testified that your spouse offered the proposition of marriage several times but you were concerned that he was married "three or four times" before he met you.

You testified that you did not sign a rental agreement or lease with you and your spouse listed as tenants. You testified that all utilities were in the name of your spouse. You testified that you did not own any property with your spouse. You testified that you were included in a Blue Cross health insurance policy that was provided by your spouse's employer but did not submit any evidence to support this claim. You testified that you were not included in any other insurance policies with your spouse. You testified that you did not have any joint banking arrangements with your spouse and that you did not have any credit situations held jointly with your spouse.

You have failed to provide testimony or documentary evidence to substantiate your claim of a bona fide marital relationship. You have failed to demonstrate combined financial assets or cohabitation with your spouse after the marriage and after the time that you were granted conditional resident status. Therefore, you have not established that your marriage was entered into in good faith. You have failed to establish that the marriage was not entered into for the sole purpose of procuring your admission as an immigrant.

You have failed to provide testimony or documentary evidence to substantiate your claim to have been battered or subjected to extreme mental cruelty by your United States citizen spouse. The affidavits that you provided are self-serving and the documents that you have provided offer little probative value. Therefore, the Service has denied your application.

Therefore, in accordance with Section 216(c)(3)(C) of the Immigration and Nationality Act (Act) your permanent resident status is terminated as of the date of this decision.

THEREFORE, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 216(c)(3)(C) OF THE IMMIGRATION AND NATIONALITY ACT, YOUR JOINT PETITION IS DENIED AND THE PERMANENT RESIDENCE STATUS PREVIOUSLY ACCORDED YOU IS HEREBY TERMINATED AS OF THE DATE OF THIS TERMINATION NOTICE. ALL RIGHTS AND PRIVILEGES WHICH YOU DERIVED FROM THAT STATUS, INCLUDING THE RIGHT TO RESIDE AND WORK IN THE UNITED STATES, ARE TERMINATED CONCURRENTLY.

In accordance with Section 216(c)(2)(B) of the Act, you may request review in removal proceedings of the determination concerning your joint petition. However, the burden of proof shall be on you to establish compliance with the requirement to file the petition required by Section 216(C) of the Act.

If you so choose, you may be represented in such proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service. Such counsel may assist you in the preparation of your request for review and hearing, and may examine the evidence upon which this determination is based.

If you desire a review of this determination in a removal hearing, you should present any affidavits or other evidence which you desire to have considered at such hearing. If any document is in a foreign language, you should bring the original and a certified translation thereof. if you wish to have testimony of witnesses considered at the hearing, you should arrange to have such witnesses present at the hearing.

Sincerely,

Steven J. Farquharson
District Director

Cc:    Sharon Aylard, Esq.
       339 Hancock Street
       Quincy, MA  02171

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A46 117 237

In the Matter of:

Respondent: Nkem Echem

7 Licoln Street Apt. #12
Hyde Park, MA  02136                                                                (617) 361-0246
(Number, street, city, state and ZIP code)                                         (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1) You are not a national or a citizen of the United States;

2) You are a native of Nigeria and a citizen of Nigeria;

3) You were admitted to the United States on or about October 30, 1996 at Boston, Massachusetts as a CR-1 conditional resident;

4) Your status as a permanent resident on a conditional basis was based upon your marriage to Israel Echem;

5) Your status was terminated on ___FEB 2 0 2001___ under Section 216(c)(3)(C) of the Immigration and Nationality Act.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
Section 237(a)(1)(D)(i) of the of the Immigration and Nationality Act (Act), as amended, in that after admission or adjustment as an alien lawfully admitted for permanent residence on a conditional basis under section 216 or 216A of the Act your status was terminated under such respective section.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: EOIR, room 320, JFK Federal Bldg., Gov't Center, Boston, Massachusetts 02203
(Complete Address of Immigration Court, Including Room Number, if any)

on ___time and date to be set___ at ___by the I.J.___ to show why you should not be removed from the United States based on the
   (Date)              (Time)
charge(s) set forth above.

_____
(Signature and Title of Issuing Officer)

Date:  FEB 2 0 2001                              Boston, Massachusetts
                                                    (City and State)

See reverse for important information

### See reverse for important information

Warning: Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

_____
(Signature of Respondent)

Date: _____

_____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___**FEB 2 6 2001**___ . in the following manner and in
compliance with section 239(a)(1)(F) of the Act:
(Date)

☐ in person        ☐ by certified mail, return receipt requested        ☒ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____    FEB 2 6 2001
Jay Hammond, DAO
(Signature and Title of INS Officer)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE

_____

| | |
|---|---|
| In the matter of )<br><br>ECHEM, Nkem )<br><br>Respondent ) | File No. A46-117-237<br><br>In Removal Proceedings |

MOTION TO REOPEN REMOVAL PROCEEDINGS
AND FOR A STAY OF REMOVAL

Respondent, Nkem Echem, through counsel, moves the Immigration Judge to reopen

these proceedings pursuant Section 240(c)(6) of the Immigration and Nationality Act, 8 U.S.C.

Section 1229a(c)(6).

In support of her Motion, Respondent through counsel states as follows:

1.  She is a native and citizen of Nigeria and was admitted to the United States lawfully on

October 30, 1996 as a conditional resident based on a bona fide marriage to a United States

citizen.

2.  She was charged by the Immigration and Naturalization Service (INS) with being

removable under 237(a)(1)(D)(i) of the Immigration and Nationality Act (INA) pursuant to

termination of her conditional status, and she never received notice of any removal hearing date,

as

(a)  The Notice to Appear dated February 20, 2001, which was sent to 7 Lincoln St. #12,

Hyde Park, Massachusetts 02136, was received by Respondent but had no date to appear.

(b)  The only other Notice from the Immigration Court received by Respondent was letter dated May 17, 2001, sent to 7 Lincoln St. #12, Hyde Park, Massachusetts 02136.  This letter was attached to the Order of the Immigration Judge.  This was the first she knew of the Removal Hearing.

(c)  The Respondent states that she has lived at 7 Lincoln Street #12, Hyde Park, Massachusetts 02136 for over 4 years.

**WHEREFORE,** Respondent did not fail to appear without reasonable cause as she did not receive notice of the hearing, and therefore was unable to appear to defend against the charge that she is subject to removal.  Her Motion to Reopen should be granted, and she should be allowed an opportunity to seek any and all relief available to her.

Respectfully submitted,
by her attorney,

Sharon Aylward
Attorney for Respondent, Nkem Echem
339 Hancock Street
Quincy, MA 02171
617.328.8844

Dated: June 13, 2001

## AFFIDAVIT OF NKEM ECHEM

1.  My name is Nkem Echem. I live at 7 Lincoln Street #12, Hyde Park, Massachusetts 02136. I have lived at that address for over four years.

2.  I received Notice to Appear dated February 20, 2001, but no date to appear was given. The Notice stated that the date was to be set by the Immigration Judge. This Notice was sent to my home at 7 Lincoln Street #12, Hyde Park, Massachusetts 02136.

3.  I received the Order dated May 17, 2001, which stated that the Immigration Judge found that I was removable and that I did not appear at the May 16, 2001 hearing. This Order was sent to my home at 7 Lincoln Street #12, Hyde Park, Massachusetts 02136.

4.  I never received any Notice advising me of the date I was to appear before the Immigration Judge.

5.  I have received other notices and letters from the Immigration offices in Boston and Vermont at my current address with no problem.

6.  I was aware that a notice of the hearing date would be arriving in the mail, and I watched for it. It never came to my address.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 13TH DAY OF JUNE, 2001.**

_____
NKEM ECHEM

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., R.O. BOX
BOSTON, MA  02203-0401

In the Matter of                          Case No.  A94-41,9-13
FKCM, SIMON

                                          Docket  BOSTON  MASSACHUSETTS
RESPONDENT

                    IN REMOVAL PROCEEDINGS

                 ORDER OF THE IMMIGRATION JUDGE

The Respondent/Applicant has applied for a stay of REMOVAL in
connection with a Motion to Reopen.

Upon consideration of the representations and submissions made by and on
behalf of the Respondent/Applicant and the Immigration and Naturalization
Service, it is HEREBY ORDERED that the application for a stay of
REMOVAL

be granted, to be effective until determination of the Motion to Reopen.

                              _____
                              THOMAS M. RAGNO
                              Immigration Judge
                              Date:  Jan 15, 2001

Appeal:  WAIVED  (A/I/B)
Appeal Due By:

_____
                     CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)  PERSONAL SERVICE (P)
TO:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [✗] INS
DATE:  ___1/15/01___  BY:  COURT STAFF  _____
     Attachments:  [✗] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS


NKEM, ECHEM
7 LICOLN STREET APT #12
HYDE PARK        MA 02136


. . . .


IN THE MATTER OF            FILE A 46-117-237      DATE: May 17, 2001
NKEM, ECHEM


___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                           OFFICE OF THE CLERK
                           P.O. BOX 8530
                           FALLS CHURCH, VA  22041

 ✓  ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                           IMMIGRATION COURT
                           JFK FEDERAL BLDG., ROOM 320
                           BOSTON, MA  02203-0002

___ OTHER: _____
    _____

                                    W. Glynan
                                 COURT CLERK
                                 IMMIGRATION COURT                        FF

    CC: MENENDEZ,BERNARD
        JFK FED BLDG,RM4425
        BOSTON, MA.  02203
DP

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA 02203-0002

In the Matter of:                              Case No.: A46 117-257
NKEM, ECHEM
                                               Docket: BOSTON, MASSACHUSETTS
RESPONDENT
                                               IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

On May 16, 2001, at  9:30 A.M., pursuant to proper notice, the above
entitled matter was scheduled for a hearing before an Immigration Judge for the
purpose of hearing the merits relative to the respondent's request
for relief from removal.  However,

(  ✓ )    the respondent was not present.

(   )    the respondent's representative was present; however, the
         respondent was not present.

(   )    neither the respondent nor the respondent's representative was
         present.

Therefore, in the absence of any showing of good cause for the respondent's
failure to appear at the hearing concerning the request for relief, I find that
the respondent has abandoned any and all claim(s) for relief from removal.

Wherefore, the issue of removability having been resolved, it is HEREBY ORDERED
for the reasons set forth in the Immigration and Naturalization Service
charging document that the respondent be removed from the United States to
NIGERIA

                                   THOMAS M. RAGNO
                                   Immigration Judge
                                   Date: May 17, 2001

Appeal:  waived/reserved  (A/I/B)
Appeal Due By:  Jun 15, 2001

_____
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)  PERSONAL SERVICE (P)
TO: [ M ] ALIEN  [ ] ALIEN c/o Custodial Officer [ ] Alien's ATT/REP [ P ] INS
DATE:    5/17/01         BY: COURT STAFF
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____

Form EOIR 36 - 7T (FTA)
DB

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

ALEX LEMON
7 LINCOLN STREET APT #12
HYDE PARK        MA 02136

IN THE MATTER OF                  FILE A 46-117-207        DATE: May 17, 2001
OWEN, EDWIN

___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:       BOARD OF IMMIGRATION APPEALS
                             OFFICE OF THE CLERK
                             P.O. BOX 8530
                             FALLS CHURCH, VA  22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252b(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT.

                             IMMIGRATION COURT
                             JFK FEDERAL BLDG., ROOM 320
                             BOSTON  MA  02203-0002

___ OTHER:

                                        _____
                                        COURT CLERK
                                        IMMIGRATION COURT                    FF

    CC: MENENDEZ,BERNARD
        JFK FED BLDG,RM#425
        BOSTON  MA  02203

DM

U. S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG, ...
BOSTON, MA ...

IN THE MATTER OF                                        FILE NO. ...
...

                                        BOSTON, MASSACHUSETTS
RESPONDENT

                                        IN REMOVAL PROCEEDINGS

                    ORDER OF THE IMMIGRATION JUDGE

On May 17, 2001  at  9:30 A.M., pursuant to proper notice, the above
entitled matter was scheduled for a hearing before an immigration judge for the
purpose of hearing the merits relative to the respondent's request
for relief from removal.  However,

[x]    the respondent was not present.

[ ]    the respondent's representative was present, however, the
       respondent was not present.

[ ]    neither the respondent nor the respondent's representative was
       present.

Therefore, in the absence of any showing of good cause by the respondent's
failure to appear at the hearing concerning the request for relief, I find that
the respondent has abandoned any and all claims for relief from removal.

Wherefore, the issue of removability having been resolved, it is HEREBY ORDERED
for the reasons set forth in the Immigration and Naturalization Service
charging document that the respondent be removed from the United States to
NIGERIA.

                                        Thomas M. Ragno
                                        THOMAS M. RAGNO
                                        Immigration Judge
                                        Date:  May 17, 2001

Appeal:  waived/reserved  A/R/W
Appeal Due by:  Jun 18, 2001

─────────────────────────────────────────────
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)  PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's Attorney/Rep  [ ] INS
DATE:  M  5/17/01     BY: COURT STAFF  [signature]
           Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

─────────────────────────────────────────────
Form EOIR 6 - 72 (Rev.)

**NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE BOARD OF IMMIGRATION APPEALS
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

| | |
|---|---|
| In the Matter:<br><br>ECHEM, Nkem | DATE 7/26/01 |
| | ALIEN NUMBER *(list lead alien number and all family member alien numbers if applicable)* |
| I hereby enter my appearance as attorney *(or representative)* for and at the request of the following named person(s): | A 46-117-237<br>A —   —<br>A —   — |

NAME  Nkem Echem

| ADDRESS | (Apt. No.) | (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|---|
| | #12 | 7 Lincoln St. | Hyde Park, MA 02136 | | |

Check if Applicable Item(s) below:

☒ 1.  I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
MA. Supreme Judicial Court _____ and am not under a court
*(Name of Court)*
or administrative agency order suspending, enjoining, disbarring, or otherwise restricting me in practicing law.

☐ 2.  I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3.  I am associated with _____ , the
attorney of record who previously filed a notice of appearance in this case and my appearance is at his/her request.
*(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4.  Other *(Explain fully.)*

| SIGNATURE<br><br>*Sharon Aylward* | COMPLETE ADDRESS ☐  Check here if this is a new address<br>339 Hancock St.<br>Quincy, MA 02171 |
|---|---|
| NAME *(Type or print)*<br>Sharon Aylward, Esq. | TELEPHONE NUMBER<br>617.328.8844 |

**PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO REPRESENTATION BY AND THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY EIOR SYSTEM OF RECORDS:**

Attorney Sharon Aylward
_____
*(Name of Attorney or Representative)*

| NAME OF PERSON CONSENTING<br><br>Nkem Echem | SIGNATURE OF PERSON CONSENTING<br><br>*Nkem Echem* | DATE<br>7/26/01 |
|---|---|---|

*(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence.)*

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB # 1105-0065

**Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge**

---

1. List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):

   ECHEM, Nkem
   A46-117-237

   **For Official Use Only**

   **!** **WARNING TO ALL APPLICANT(S)/RESPONDENT(S):** Names and "A" Numbers of everyone appealing the order must be written in Item #1.

2. Applicant/Respondent is currently ☐ DETAINED ☒ NOT DETAINED.

3. Appeal from the Immigration Judge's decision dated _7/12/01 mailed 7/16/01_ .

4. **State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

   **!** **WARNING:** The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

   Respondent alleges that the Immigration Judge abused his discretion and erred in denying the Respondent's Motion to Reopen.

   Respondent alleges that she did not receive notice of a date to appear before the Immigration Judge and that she submitted a sworn affidavit with her Motion to Reopen stating that she has lived at her current address for over four years; that she has had no problems receiving her mail at that address; that she did not receive any notice with a date to appear before the Immigration Court.

   Respondent states that the Immigration Service did not oppose her Motion to Reopen.

   Respondent states that she will suffer irreparable injury if she is not afforded the opportunity to present evidence and witnesses to establish that she entered the marriage in good faith and not for the purpose of evading the immigration laws of the United States and that she had good cause for leaving the relationship including, but not limited to, incidents of domestic violence, pursuant to Sec.216(c)(4)(B) of the Act.

   (Attach more sheets if necessary)

*Staple Check or Money Order Here. Include your name(s) and "A" number(s)*

NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE IMMIGRATION COURT
*EXECUTIVE OFFICE FOR IMMIGRATION REVIEW*

| TYPE OF PROCEEDING: | DATE June 13, 2001 |
|---|---|

TYPE OF PROCEEDING:

☐ Deportation    ☐ Bond Redetermination    ☐ Disciplinary
☒ Removal        ☐ Motion to Reopen/Reconsider
☐ Exclusion      ☐ Rescission

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

DATE June 13, 2001

ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable)

A46-117-237

| NAME | (First) | (Middle Initial) | (Last) |
|---|---|---|---|
| Nkem | | | ECHEM |

| ADDRESS | (Number & Street) | (Apt. No.) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|---|
| 7 Lincoln Street | | 12 | Hyde Park | MA | 02136 |

Please check one of the following:

☒ 1.  I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia:

*Name(s) of Court(s)*                          *State Bar No. (if applicable)*

Supreme Judicial Court                        MA550104

(Please use space on reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions where I am licensed to practice law.

☐ 2.  I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization): _____

☐ 3.  I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 292. (Explain fully on reverse side.)

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | TELEPHONE NUMBER (Include Area Code) | DATE |
|---|---|---|---|

| NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT) | ADDRESS ☐ Check here if this is a new address. |
|---|---|
| Sharon Aylward | 339 Hancock Street Quincy, MA 02171 |

**Certificate of Service**

I  Sharon Aylward  mailed or delivered a copy of the foregoing on  6/13/01  to the Immigration
     (Name)                                                         (Date)

and Naturalization Service at  John F. Kennedy Blg., Boston, MA 02203  .
                                              (Address)

X *Sharon Aylward*
   Signature of Attorney or Representative

OMB#1125-0006

FORM EOIR-28
August 99

**(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.)**

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

NKEM, ECHEM
7 LINCOLN STREET APT 612
HYDE PARK        MA 02136

IN THE MATTER OF                 FILE A 92-117-237       DATE: JUL 16, 2001
NKEM, ECHEM

___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

_X_ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:      BOARD OF IMMIGRATION APPEALS
                        OFFICE OF THE CLERK
                        P.O. BOX 8530
                        FALLS CHURCH, VA 22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT.

                        IMMIGRATION COURT
                        JFK FEDERAL BLDG.   ROOM 320
                        BOSTON, MA  02203-0002

___ OTHER:

                                        COURT CLERK
                                        IMMIGRATION COURT                FF

CC: REVEREND BERNARD
    JFK FED BLDG.RM#420
    BOSTON, MA  02203

LN

FILE No. P. A7IDI08

RV16772.P.

These are to request and require in the name of the President and Commander-in-Chief of the Armed Forces of the Federal Republic of Nigeria all those whom it may concern to allow the bearer to pass freely without let or hindrance and to afford him or her every assistance and protection of which he or she may stand in need.

Given at .....313.....

this .....5TH..... day of

.....APRIL....., 19.91.



Code.

This Passport contains 48 pages
Ce passport contient 48 pages

# PASSPORT
## PASSEPORT

FEDERAL REPUBLIC OF NIGERIA

## RÉPUBLIQUE FÉDÉRALE DU NIGÉRIA



No. of passport }
No. du passport }   B159226

Name of bearer }
Nom du titulaire }   MISS   NKEM

See P4 6.   AHIAKWO

Sex. Sexe. .....FEMALE.....

Nationality    NIGERIAN

CITIZEN OF NIGERIA
A Citizen of Nigeria has a Status
of a COMMONWEALTH Citizen.

## DESCRIPTION SIGNALEMENT

**Bearer** *Titulaire*

**Profession** *Profession* — NURSING

**Place and date of birth** *Lieu et date de naissance* — KREIGANI 23RD FEB. 1958

**Height** *Taille* — 1.58M

**Colour of eyes** *Couleur des yeux* — BROWN

**Colour of hair** *Couleur des cheveux* — BLACK

**Special peculiarities** *Signes particuliers* — NIL

**Thumb print of bearer** *Empreinte*

**Signature of bearer** *Signature du titulaire*

2

**Name of bearer** *Nom du titulaire* — MISS NKEM AHIAKWO



3

A 46 117 737

PROCESSED FOR I-551
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL _MAY 12_ 2001
EMPLOYMENT AUTHORIZED

BOS CR6, 10/30/00

VISAS

28

A 46 117 737
PROCESSED FOR I-551
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL _MAY_ 1-2000
EMPLOYMENT AUTHORIZED

BOS CR6 10-30-96

I-751 restored @ BOS
Al2-11 Filed 3/17/RM @ BOS

VISAS

29

A 46117334

BOS

Igo 10-30-96 BOS (21

VISAS
24

VISAS
25

U. S. IMMIGRATION
D.M/BOX. 20

OCT 2 9 1996

ADMITTED
UNTIL 29 OCT 9 8
# 46117334

PROCESSED FOR I-5
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL
EMPLOYMENT AUTHORIZED







OBSERVATION

THE HOLDER OF THIS
PASSPORT IS NON MINIKIRED
AND WISHES TO BE KNOWN AND
ADDRESSED AS MR DR5 NKEM
ECHEM PAGES 1 & 3 REFERS
PASSPORT REMAINS VALID.

VISAS
6

REPUBLIQUE TOGOLAISE
COMMISSARIAT SPECIAL
POLICE D'AFLAO
ENTREE LE

REPUBLIQUE TOGOLAISE
COMMISSARIAT SPECIAL DE
POLICE D'AFLAO
SORTIE LE

COUNTRIES FOR WHICH THIS
PASSPORT IS VALID

*PAYS POUR LESQUELS CE
PASSEPORT EST VALABLE*

Valid for all parts of the Commonwealth and for all Countries.

The validity of this passport expires: *Ce passport expire le:*
4TH APRIL, 1996
unless renewed, *à moins de renouvellement.*

Issued at }
*délivré à* } 313

date }
*date* } 5TH APRIL 2 1991.

4

Name
*Nom*

CHILDREN   ENFANTS
Date of birth      Sex
*Date de naissance*   *Sexe*

RENEWALS
*RENOUVELLEMENTS*

THIS PASSPORT IS HEREBY RENEWED
VALID UNTIL 03 - 04 - 2001

OBSERVATIONS

5

## UNITED STATE DISTRICT COURT
## DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| **NKEM ECHEM,** | * |
| **Petitioner** | * |
| | * |
| | * |
| **v.** | * |
| | * |
| **JOHN ASHCROFT** | * |
| **ATTORNEY GENERAL,** | * |
| **Respondent** | * |

**FILE NO:**

**ALIEN NO: A 46-117-237**

## CERTIFICATE OF SERVICE

This is to certify that I attorney Sam Osagiede, counsel for the Petitioner's did served the

under listed items on this Respondent's in the matter, to writ Jon Ash croft, US Attorney

General, US Justice Department, 950 Pennsylvania Avenue, NW Washington DC,

20530-0001, and Denise Riordan the District Director, US Citizenship and Immigration

Services of the Department of Homeland Security, JFK Building, Room 1700,

Government Center, Boston, Massachusetts 02203, today _____, 2005, by

cerified mail, return receipt requested.

(1). Writ of Habeas Corpus

(2). Memorandum in support of the writ of Habeas Corpus

(3). Petitioner's motion for stay of removal

(4). Petitioner's affidavit in support of the writ of Habeas Corpus and stay removal.

(5). Petitioner's motion for further evidence.

(6). Transcript of the IJ decision and order of removal in absentia.

(7). Petitioner's appeal from the order of the 1J.

(8). BIA affirmance of the order of the 1J.

(9). Certificate of Service.

*RESPECTFULLY SUBMITTED,*

The Petitioner
Nkem Echem
By her Attorney

Sam Osagiede, Esquire
BBO # 636632
925 Washington Street, Suite 9
Dorchester, Mass 02124
Tel: 617-282-1300

Date: _____, 2005