**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| NKEM ECHEM, | * | CIVIL ACTION DOCKET NO: 05CV10245JTL |
| Petitioner | * | |
| | * | |
| v. | * | |
| | * | |
| JOHN ASHCROFT | * | |
| ATTORNEY GENERAL, | * | |
| Respondent | * | |

## PETITIONER'S OPPOSITION TO THE RESPONDENT'S MOTION TO DISMISS

Now comes the Petitioner in the above entitled matter and respectfully moves the Honorable Court to set aside the motion to dismiss, presented by the Respondent, pursuant to Fed Rules Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction; and Rule 12 (b)(6) for failure to state a claim upon which relief may be granted.

Petitioner states in response to the two assertions in the motion, as follows:

*On lack of subject matter jurisdiction:*

Petitioner admits she failed to timely, file for judicial review with 30 days, following the entry of a final order pursuant to the BIA order, dated January 31, 2002, however in a writ of in a Habeas Corpus the court could still exercise jurisdiction even when the time for appeal had elapsed; by this the petitioner could and is still eligible to bring up a petition under the District Court for review.

*Echem/page 2.*

*On the failure to state a claim upon which relief may be granted:*

Petitioner has a legitimate claim, which requires the intervention of a neutral tribunal. The petitioner is presently held in custody at the Suffolk House of Correction. Her loss of personal liberty, and freedom has impacted severely her health and her mental conditions. And she strongly believes that if she held a fair trial; by allowing her the opportunity to present her case on the merit she would not have been placed in the adverse conditions she is right now.

Petitioner in her pleadings before the, IJ in her motion to re-open, following the entry of default order of removal on 5/17/01, and the denial of her appeal for BIA review, argued the facts of her case that she was not served the notice for the hearing.
She presented her case that she lived at the same address for over 4 years and she never moved or changed her mailing address. However the IJ relied on the presumption that the postal services are always efficient and are always accurate. But the fact of the matter is that there are cases of mails lost in transit. There are mails, and often times there are cases of mails that were returned undelivered. These realities, and facts about postal services under mine the iron clad assumption of the IJ that the postal services are presumed to be efficient at doing their jobs. See IJ order of 5/11/01.

The present action is a Writ of Habeas Corpus. This is generally associated with challenge of the physical detention by the government. In the Immigration Court or sufficient jurisdiction for Habeas Corpus exist in deportation cases when the time for

Ecehm/page 3.

appeal has elapsed. See United States ex rel **Marcello v. District Director**, 634 F.2d 964 (5th Cir 1981); **Flores v. Ins,** 524 f.2d 627 (9th Cir. 1975); **Salehi v. District Director**, 575f.Suppl.1237 (1) Colorado 1983. See Ina Sec. 106 (a)(10). In this particular instance, the petitioner, the Board of Immigration Appeals, BIA, entered an order on 1/3/202 offering the decision of denial of the petitioner motion to re-open and appeal for reconsideration of the default judgment entered on 5/7/201 ordering the removal of the petitioner to her native, Nigeria.

The petitioner, in her motion to re-open before the IJ, pleaded that she did not received the notice for hearing which was the governing document, even though the notice to appear had reached her and she had remained at the same address for 4 years prior to the date of the IJ order or decree.

In the light of the foregoing, the petitioner respectfully moves the Honorable Court, to set aside the motion for dismissal on the grounds for lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted, and allow the petitioner to present her case on the merit.

**RESPECTFULLY SUBMITTED,**

                                                  The Petitioner
                                                  Nkem Echem,

Echem/page 4.

By her Attorney

Sam Osagiede, Esquire
BBO #636632
925 Washington Street Suite 9
Dorchester, Mass 02124
Tel; 617-282-1300

Date: 4/11, 2005

UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NKEM ECHEM, | * | CIVIL ACTION DOCKET NO: 05CV10245 JTL |
| *Petitioner* | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| JOHN ASHCROFT | * | |
| ATTORNEY GENERAL, | * | |
| *Respondent* | * | |

## CERTIFICATE OF SERVICE

This is to certify that I attorney Sam Osagiede, counsel for the Petitioner In the above entitled matter did served the petitioner's opposition to the Respondent's motion to dismiss on the United States, Department of Homeland Security, through the counsel of record, attorney Frank Crowley, Special Assistant U.S. attorney, Department of Homeland Security P.O. Box 87278, JFK Statue, Boston, Mass 02114, today 4/11/, 2005, by first class mail postage prepaid.

Sam Osagiede, Esquire
Attorney at Law & Notary Public